UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A. No.: 8:13-cr-361-GRA-1 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| Charles Antoine Burgess | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* letter, which the Court will liberally construe as a motion to be relocated from Kershaw Correctional Institution (a S.C. Department of Corrections facility) to Federal Correctional Institution - Butner (a U.S. Bureau of Prisons "BOP" facility).   ECF No. 104. Generally, "the decision on where to designate an inmate's place of imprisonment rests with the BOP," *Smith v. Lamanna*, No. 0:05-2260-MBS, 2006 WL 1705664, at *2 (D.S.C. June 13, 2006) (citing 18 U.S.C. § 3621(b)), and the BOP may designate a state facility as the place of federal confinement, *Trowell v. Beeler*, 135 F. App'x 590, 593 n.1 (4th Cir. 2005).  Further, for this Court to review the BOP's decision for abuse of discretion, Defendant is first required to exhaust available administrative remedies and then file a habeas petition pursuant to 28 U.S.C. § 2241.  *Hardin v. United States*, No. 7:00-CR-00314-GRA-2, 2012 WL 3945314, at *2 (D.S.C. Sept. 10, 2012); *Lamanna*, No. 0:05-2260-MBS, 2006 WL 1705664, at *2.  Here, there is no indication that Defendant has done so.

In addition, Defendant requests a copy of his "sentencing sheet," which the Court understands to be a reference to his final judgment. ECF No. 104 at 2. "An

indigent is not entitled to free copies 'merely to comb the record in the hope of discovering some flaw.'"  *United States v. Hamlett*, 128 F. App'x 320, 321 (4th Cir. 2005) (quoting *United States v. Glass,* 317 F.2d 200, 202 (4th Cir. 1963)).  However, "[c]opies of transcripts may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents."  *Id.* (citing *Jones v. Superintendent, Va. State Farm,* 460 F.2d 150, 152-53 (4th Cir. 1972)).  In this instance, Defendant has a particularized need for a copy of the judgment in order to pursue administrative action with the relevant prison officials.

**IT IS THEREFORE ORDERED** that Defendant's motion to be relocated is **DENIED** without prejudice, and Defendant's request for copies is **GRANTED.**  The Clerk is directed to send Defendant a copy of his Amended Judgment, ECF No. 82, along with a copy of this Order.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February  5 , 2015
Anderson, South Carolina